IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TODD E. SPARKS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. CIV-17-1174-C |
| | ) | |
| THE BOARD OF COMMISSIONERS | ) | |
| OF McCLAIN COUNTY, OKLAHOMA, | ) | |
| McCLAIN COUNTY SHERIFF | ) | |
| DON HEWETT, in his official capacity, | ) | |
| and JOSHUA SHAW, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

According to Plaintiff, at approximately 3:30 a.m. on the morning of July 18, 2016, one or more Defendant McClain County Sheriff's Deputies knocked on the door of his home. The officers did not identify themselves as law enforcement officers or give any verbal commands to anyone who might be inside the home. When Plaintiff opened the door of his home in response to the knocking, he was shot by Defendant Joshua Shaw.

Plaintiff brought the present action, asserting claims for negligence against the McClain County Sheriff's Office and McClain County, violation of his rights under the Oklahoma Constitution art. II, § 30 against McClain County and McClain County Sheriff's Office, and violation of his rights under 42 U.S.C. § 1983 against Defendant Shaw and Defendants McClain County and McClain County Sheriff's Office. Defendant Board of Commissioners of McClain County and McClain County Sheriff Don Hewett in his official capacity ("McClain County Defendants") have filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In

their Motion, the McClain County Defendants argue that Plaintiff has failed to state a plausible claim for relief for violation of the Oklahoma Constitution and § 1983.

A. Hewett in His Official Capacity

As an initial matter, the Court notes that Defendants challenge the propriety of naming Defendant Hewett in his official capacity on either the state law claim or the § 1983 claim. As for the state law claim, Defendants argue that such a claim is improper under Oklahoma law, relying on Speight v. Presley, 2008 OK 99, ¶ 20, 203 P.3d 173, 179 ("Suit against a government officer in his or her official capacity is actually a suit against the entity that the officer represents and is an attempt to impose liability upon the governmental entity.") (citing Pellegrino v. State ex rel. Cameron Univ., 2003 OK 2, 63 P.3d 535, 537). As for the § 1983 claim, Defendants argue that any official capacity claim against Hewett is redundant, as Plaintiff has also named McClain County. Plaintiff concedes that his claims against Sheriff Hewett in his official capacity should be dismissed, as he is not a proper party in his official capacity in either the state or federal claim.

Plaintiff requests leave of Court to file a Motion to Amend his Complaint to include claims against Sheriff Hewett individually under the Oklahoma Governmental Tort Claims Act ("GTCA"), the Oklahoma Constitution, and the United States Constitution. Defendants object to this request, noting there are a number of arguments which would preclude any liability against Defendant Hewett in his individual capacity. As no deadline has yet been set for amending the Complaint, the Court finds that Plaintiff should be permitted an opportunity to file a Motion to Amend outlining his theories of liability against Defendant Hewett in his individual capacity. To the extent Defendants believe those arguments are insufficient to state

a claim, they may file an appropriate objection. Any motion by Plaintiff should be filed within 15 days of the date of this Order.

  B. Oklahoma Constitution Claim

Plaintiff's claim based on the alleged violation of the Oklahoma Constitution is premised on <u>Bosh v. Cherokee County Building Authority</u>, 2013 OK 9, 305 P.3d 994. In that case, the Oklahoma Supreme Court recognized a limited private cause of action for excessive force under art. 2, § 30 of the Oklahoma Constitution, an action that is independent of the GTCA. In <u>Perry v. City of Norman</u>, 2014 OK 119, 341 P.3d 689, the Oklahoma Supreme Court narrowed the scope of any <u>Bosh</u> claim, specifically holding that it did not apply to claims of excessive force by police officers against non-incarcerated individuals, and that such individuals had no private right of action under the Oklahoma Constitution because they already had a well-established remedy for excessive force under the GTCA. In response, Plaintiff argues that the County could claim that it is subject to immunity under the GTCA for his excessive force claims and therefore he would be left without a remedy unless he is permitted to pursue a <u>Bosh</u> claim. Plaintiff argues that in Count II of his Complaint he is arguing the County is liable under § 30 of the Oklahoma Constitution for the tortious actions of the County which caused the violation of Plaintiff's rights, specifically the County's failure to train Deputy Shaw. Plaintiff argues that because the County would be immunized under the GTCA for those claims pursuant to 51 Okla. Stat. § 155(4) & (5) he should be permitted to pursue a claim for violation of the Oklahoma Constitution.

The fatal flaw in Plaintiff's argument is that the arguments raised in his response brief run counter to the statements made in the Complaint. Paragraph 19 of the Complaint clearly

states, "[t]o the extent the Defendant County takes the position that it and its Sheriff's Office are exempt from liability pursuant to the provisions of Oklahoma's Governmental Tort Claims Act, Plaintiff would be left without a remedy under state law. This would give rise to a claim for excessive force as a violation of Plaintiff's rights under the Oklahoma Constitution, article 2, § 30." Nowhere in that count does Plaintiff suggest that he is raising a claim for the County's alleged failure to adequately train or supervise Defendant Shaw. Rather, it is apparent that Plaintiff's claim is a straightforward claim for excessive force by Defendant Shaw and therefore pursuant to the Oklahoma Supreme Court's decision in Perry, his claim is barred by law. Alternatively, even were the Court to construe the plain language of Plaintiff's Complaint to support his arguments in the brief, his constitutional law claim would be barred by Jackson v. Oklahoma City Public Schools, 2014 OK CIV APP 61, 333 P.3d 975, which recognized that hiring, training, and supervision decisions are discretionary. Therefore, Plaintiff could not demonstrate that any portion of the Oklahoma Constitution would give rise to a cause of action for a failure to supervise. Accordingly, Count II of Plaintiff's Complaint will be dismissed. However, because Plaintiff may be able to amend his allegations to plead a claim for relief, the dismissal will be without prejudice. To the extent Plaintiff wishes to pursue this claim, he shall include any arguments in support within his Motion to Amend.

C. Section 1983 Claim

Defendants' next challenge is that Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983. Defendants argue that Plaintiff has failed to allege any factual basis demonstrating that there was a failure to train or supervise. While it is likely that Plaintiff's § 1983 allegations could have been more fully developed, what is pled is sufficient to state a

plausible claim against Defendants for a failure to adequately train or supervise Defendant Shaw. Accordingly, Defendants' Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 claims will be denied.

D. Supplemental Jurisdiction

Defendants' final argument requests the Court to decline to exercise supplemental jurisdiction over the state law claims. This request will be denied, as the Court has determined that Plaintiff has adequately pled a federal law-based claim and therefore the Court will retain jurisdiction over all of Plaintiff's claims.

For the reasons set forth herein, Defendants Board of Commissioners and Hewett's Motion to Dismiss (Dkt. No. 6) is granted in part and denied in part. Plaintiff's claim against Defendant Hewett and Count II of Plaintiff's Complaint are dismissed without prejudice.

IT IS SO ORDERED this 31st day of January, 2018.

ROBIN J. CAUTHRON
United States District Judge